◼ HARRY FERBER, Plaintiff, v. WACO TRUCKING, INC., et al., Defendants. S & M DELIVERY SERVICE CO., INC., Defendant and Third-Party Plaintiff-Appellant, v. CAVALIER INSURANCE COMPANY, Third-Party Defendant-Respondent.— In this negligence action to recover damages for personal injuries, the defendant and third-party plaintiff, S & M Delivery Service Co., Inc., appeals from a judgment of the Supreme Court, Nassau County, dated July 18, 1973, and made upon an agreed state of facts upon the issues tendered by the third-party complaint, which adjudged that the third-party defendant is not obligated, under the terms of a liability insurance policy issued by it, to defend or indemnify the third-party plaintiff in the main action. Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered declaring that the third-party defendant, Cavalier Insurance Company, is obligated to defend appellant in the main action, to pay all expenses relating thereto and to satisfy any judgment therein against appellant, with interest, within the monetary limits of the insurance policy in question. Appellant, S & M Delivery Service Co., Inc., was engaged by defendant Waco Trucking, Inc. for the purpose of unloading the contents of the latter's truck upon its arrival at a delivery point. During that procedure plaintiff was struck and injured by a carton. Waco, an interstate trucker, was insured by respondent, Cavalier Insurance Company, under an automobile liability insurance policy which covered, among the permitted uses, " loading and unloading " the vehicle. It also provided that coverage shall extend to the named insured, " a lessee or borrower of the automobile or an employee of either of them or of the named insured " or " any other person or organization but only with respect to his or its liability because of acts or omissions of an insured ". Guided by the general rule that contracts should be strictly construed against their drafters and that ambiguities shall be similarly resolved, we find that S & M was acting on behalf of its employer in unloading the truck and that the coverage of the insurance policy was extended to it as an additional insured. Shapiro, Brennan and Benjamin, JJ., concur; Gulotta, P. J., dissents and votes to affirm, with the following memorandum, in which Christ, J., concurs. The insurance policy in relevant part, in clear unambiguous terms, limits the loading/unloading coverage to "(a) the named insured * * * (b) a lessee or borrower of the automobile or an employee of either of them or of the named insured; (c) any other person or organization *but only with respect to his or its liability because of acts or omissions* of an insured under (a) or (b) above " (emphasis added). S & M was an independent contractor and obviously is not an entity described in (a) or (b) and, while it could be considered in the category of " any other person or organization " described in (c), nevertheless it is not afforded coverage by the policy since the liability being asserted against it is for its own acts and not for those of anyone described in (a) or (b). There is thus no ambiguity to construe against the third-party defendant, the insurance carrier for Waco Trucking, Inc. Precisely in point is *Breen* v. *Cunard Lines S. S. Co.* (41 A D 2d 726), a First Department case, where the opinion shows the loading/unloading coverage to be limited to the named assured, a lessee or borrower of the automobile, etc., just as it is here. The record on appeal in that case shows that, just as in this case, the policy

also covered "any other person or organization," but only if it was held derivatively liable for the acts of persons described in (a), (b) or (c) [there is no significant difference between the (a), (b) and (c) of that policy and the (a) and (b) of the policy in the instant case]. It was held that Cunard Lines, which had furnished a defective pallet to assist in the unloading of a truck, was not covered by the trucker's policy, although this was clearly part of the unloading operation, because Cunard Lines fitted into none of the unambiguous categories set forth in the policy. The meaning of the instant policy is equally clear. We agree with this evaluation and would affirm the judgment under review.